UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP MORRIS USA INC.,

                  Plaintiff,

vs.

OLYMALL.COM;
MARLBOROCIGARETTES2012.COM;
LI SHIWEI; LI NING; OWNCIG.COM;
OKCIG.COM; CITYCIG.COM;
NICECIG.COM; PERFECTTOBACCO.COM;
XIAOCAN FANG; CIG4U.NET; LIN CHEN;
JUN SONG YANG; GEORGE MELCHERS;
CIGSHOME.COM; KENNY LI;
MARLBOROCIGARETTESONLINE.COM;
CHEAP-MARLBOROCIGARETTES.COM;
CHEAP-CIGARETTESSALE.COM;
CHEAPNEWPORTCIGARETTES.COM;
CHEAPNEWPORTCIGARETTESWEBSITE.
COM; NEWPORTS-CIGARETTES.COM;
ALLEN YOUNG; DALLAS WANG;
NEWPORTS-CIGARETTES.ORG;
WEBVIPSHOPPING.COM INTERNATIONAL
CO., LTD.; YONGCHUANG TRADE CORP.;
CIGARETTES-ONSALE.COM
INTERNATIONAL CO., LTD.; REN KUN
FANG; USA001.COM INTERNATIONAL
CO., LTD.; LIN PING; UCIGARS-
HOME.COM INTERNATIONAL CO., LTD.;
YU CHEN; FANG ERKUEN; HONGPING
PENG; AIHUA FANG; USASMOKING.COM;
ANDY JUNG; CHINACIGARETTE.COM;
and DOES ONE through TEN, inclusive.

                  Defendants.

Case No.: 11 Civ. 1007 (ALC)(HBP)

**ECF CASE**

**FIRST AMENDED COMPLAINT**

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), for its first amended complaint

herein against Defendants Olymall.com; Marlborocigarettes2012.com; Li Shiwei; Li Ning;

Owncig.com; Okcig.com; Citycig.com; Nicecig.com; Perfecttobacco.com; Xiaocan Fang;

Cig4u.net; Lin Chen; Jun Song Yang; George Melchers; Cigshome.com; Kenny Li;

Marlborocigarettesonline.com; Cheap-marlborocigarettes.com; Cheap-cigarettessale.com;

Cheapnewportcigarettes.com; Cheapnewportcigaretteswebsite.com; Newports-cigarettes.com;

Allen Young; Dallas Wang; Newports-cigarettes.org; Webvipshopping.com International Co.,

Ltd.; Yongchuang Trade Corp.; Cigarettes-onsale.com International Co., Ltd.; Ren Kun Fang;

USA001.com International Co., Ltd.; Lin Ping; Ucigars-home.com International Co., Ltd.; Yu

Chen; Fang Erkuen; Hongping Peng; YiHua Fang; Usasmoking.com; Andy Gong;

Chinacigarette.com; and Does One through Ten, inclusive (collectively, "Defendants") alleges as

follows:

## NATURE OF THE ACTION

1.     This case arises from Defendants' unlawful sale of counterfeit cigarettes and

cigarettes that were manufactured abroad and intended for sale outside of the United States

("illegally imported cigarettes") to consumers in the United States via twenty-two (22) internet

websites, upon information and belief, operating from China.  In an attempt to profit from Philip

Morris USA's substantial investment in its MARLBORO® and other trademarks, Defendants

have established Internet sites located at Olymall.com, Marlborocigarettes2012.com,

Owncig.com, Okcig.com, Citycig.com, Nicecig.com, Perfecttobacco.com,

Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Cheap-cigarettessale.com,

Cheapnewportcigarettes.com, Cheapnewportcigaretteswebsite.com, Newports-cigarettes.com,

Cig4u.net, Cigshome.com, Newports-cigarettes.org, Webvipshopping.com, USA001.com,

Cigarettes-onsale.com, Cigars-home.com, Usasmoking.com and Chinacigarette.com through

which they have offered for sale and sold counterfeit or illegally imported cigarettes to

consumers in this judicial district.

2.      This is an action for: (i) infringement of registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114, by the sale of counterfeit cigarettes; (ii) infringement of registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114, by the sale of illegally imported cigarettes; (iii) infringement of registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), by violation of the Imported Cigarette Compliance Act of 2000, 19 U.S.C. §§ 1681a *et seq.* ("ICCA"); (iv) importation of counterfeit goods bearing an infringing trademark in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124; (v) importation of goods bearing an infringing trademark, that were manufactured abroad and intended for sale outside of the United States, in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124; (vi) importation of goods bearing registered United States trademarks in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a); (vii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (viii) violation of the Prevent All Cigarette Trafficking Act (the "PACT Act"), Pub. L. No. 111-154, 124 Stat. 1087 (2010).

3.      As described more fully below, Defendants have imported, distributed, sold and offered for sale counterfeit MARLBORO® brand cigarettes or illegally imported Philip Morris USA brand cigarettes in violation of Philip Morris USA's trademark rights and federal law. Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception as well as irreparable injury to Philip Morris USA.

4.      For several decades, Philip Morris USA has used the MARLBORO® trademark and various other trademarks incorporating the word MARLBORO® and/or the MARLBORO Roof Design® trademark, a five-sided figure with a horizontal top and two vertical sides with

3

two upwardly and inwardly sloping diagonals (collectively, the "MARLBORO® Trademarks")
in connection with its tobacco products.  Philip Morris USA has spent substantial time, effort and
money advertising and promoting the MARLBORO® Trademarks throughout the United States,
and these trademarks have consequently developed significant goodwill, have become distinctive
and famous, and have acquired secondary meaning.  Philip Morris USA is also the U.S. owner of
a family of other federally-registered trademarks consisting of and/or incorporating the
PARLIAMENT® and VIRGINIA SLIMS® trademarks (collectively, the "Philip Morris USA
Trademarks").  For years, Philip Morris USA has used these trademarks in connection with the
marketing and sale of its well-known brands of premium cigarettes, including PARLIAMENT®
and VIRGINIA SLIMS® cigarettes, and these trademarks have consequently developed
significant goodwill, have become distinctive and famous, and have acquired secondary
meaning.

     5.     Through their Olymall.com, Marlborocigarettes2012.com, Owncig.com,
Okcig.com, Citycig.com, Nicecig.com, Perfecttobacco.com, Marlborocigarettesonline.com,
Cheap-marlborocigarettes.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com,
Cheapnewportcigaretteswebsite.com, Newports-cigarettes.com, Cig4u.net, Cigshome.com,
Newports-cigarettes.org, Webvipshopping.com, USA001.com, Cigarettes-onsale.com, Cigars-
home.com, Usasmoking.com and Chinacigarette.com websites, Defendants have offered for sale
and sold numerous brands of cigarettes, including several that appear to be Philip Morris
products, such as multiple varieties of MARLBORO®, VIRGINIA SLIMS® and
PARLIAMENT® brand cigarettes.  Printouts from the Olymall.com,
Marlborocigarettes2012.com, Owncig.com, Okcig.com, Citycig.com, Nicecig.com,
Perfecttobacco.com, Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Cheap-

cigarettessale.com, Cheapnewportcigarettes.com, Cheapnewportcigaretteswebsite.com, Newports-cigarettes.com, Cig4u.net, Cigshome.com, Newports-cigarettes.org, Webvipshopping.com, USA001.com, Cigarettes-onsale.com, Cigars-home.com, Usasmoking.com and Chinacigarette.com websites are attached hereto as Exhibits 1-22.

      6.      Defendants have established Internet sites located at Olymall.com, Marlborocigarettes2012.com, Okcig.com, Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com, Cheapnewportcigaretteswebsite.com, Newports-cigarettes.com, Cig4u.net, Cigshome.com, Newports-cigarettes.org, Webvipshopping.com, USA001.com, Cigarettes-onsale.com, Cigars-home.com and Usasmoking.com through which they have willfully offered for sale and sold cigarettes in packaging that bears spurious marks that are either identical to or substantially indistinguishable from the MARLBORO® Trademarks.  Consumers naturally would expect that cigarettes sold in packaging that bears the famous MARLBORO® Trademarks would be manufactured, licensed or sponsored by Philip Morris USA.  However, Philip Morris USA has confirmed that the cigarettes at issue sold on the Olymall.com, Marlborocigarettes2012.com, Okcig.com, Marlborocigarettesonline.com, Cig4u.net, Cigshome.com, Webvipshopping.com and Usasmoking.com websites were not manufactured, licensed or sponsored by, or affiliated with, Philip Morris USA and are counterfeit, and, upon information and belief, the cigarettes sold on the Cheap-marlborocigarettes.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com, Cheapnewportcigaretteswebsite.com, Newports-cigarettes.com, Newports-cigarettes.org, USA001.com, Cigarettes-onsale.com and Cigars-home.com websites are likewise counterfeit. Thus, consumers are likely to be confused and/or disappointed by obtaining counterfeit cigarettes

when they intended to purchase genuine MARLBORO® brand cigarettes manufactured and sold by Philip Morris USA or its affiliates.

7.     The Owncig.com, Okcig.com and Chinacigarette.com websites sell illegally imported cigarettes and, on information and belief, the cigarettes sold on the Citycig.com, Nicecig.com, Perfecttobacco.com, Marlborocigarettesonline.com and Cheap-marlborocigarettes.com websites are also illegally imported. The illegally imported cigarettes, their packaging, or both, differ materially from the cigarettes sold domestically by Philip Morris USA under the same brand names and trademarks. Among other things, Philip Morris USA's domestic cigarettes are subjected to quality control measures appropriate for the domestic distribution of Philip Morris USA's products. Cigarettes that are illegally imported by Defendants or their agents into the United States are not subjected to Philip Morris USA's quality control measures during the distribution and shipping process. As a result of the differing distribution and shipping processes and the quality controls applied thereto, illegally imported products may often be stale or otherwise have diminished quality when the products reach U.S. consumers. Such illegally imported cigarettes are also subject to seizure, unlike Philip Morris cigarettes that are made, and intended to be sold, in the United States. In addition, cigarettes that are manufactured for sale abroad may not display the required U.S. health warnings, which do appear on cigarettes that are manufactured for domestic sale.

8.     Defendants' entire Internet-based website businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Philip Morris USA and others.

9.     Defendants' domain names Olymall.com, Marlborocigarettes2012.com, Owncig.com, Okcig.com, Citycig.com, Nicecig.com, Perfecttobacco.com,

Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com, Cheapnewportcigaretteswebsite.com, Newports-cigarettes.com, Cig4u.net, Cigshome.com, Newports-cigarettes.org, Webvipshopping.com, USA001.com, Cigarettes-onsale.com, Cigars-home.com, Usasmoking.com and Chinacigarette.com and any other domain names used in connection with the sale of counterfeit and/or illegally imported Philip Morris branded cigarettes are essential components of Defendants' unlawful activities and are the means by which Defendants further their counterfeiting schemes and cause harm to Philip Morris USA.  Moreover, Defendants are using Philip Morris USA's famous name and trademarks to drive Internet consumer traffic to their websites operating under the domain names Olymall.com, Marlborocigarettes2012.com, Owncig.com, Okcig.com, Citycig.com, Nicecig.com, Perfecttobacco.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com, Cheapnewportcigaretteswebsite.com, Newports-cigarettes.org, Cig4u.net, Cigshome.com, Newports-cigarettes.org, Webvipshopping.com, USA001.com, Cigarettes-onsale.com, Cigars-home.com, Usasmoking.com and Chinacigarette.com, and previously used the Marlborocigarettes.com and Cheap-marlborocigarettes.com domain names, thereby increasing the value of their domain names at Philip Morris USA's expense.

10.    Defendants, upon information and belief, also operate additional websites that promote and offer for sale counterfeit or illegally imported cigarettes under domain names not yet known to Philip Morris USA.  Upon information and belief, Defendants will continue to register new domain names for the purpose of selling counterfeit and/or illegally imported Philip Morris branded cigarettes unless permanently enjoined.

11.    Defendants' offering for sale and sale of illegally imported cigarettes bearing the Philip Morris USA Trademarks also violates the Imported Cigarettes Compliance Act, 19 U.S.C.

§ 1681a *et seq.*, which makes it illegal to import cigarettes into the United States without the consent of the U.S. trademark holder, and the General Exclusion Order issued by the United States International Trade Commission in 2009. The General Exclusion Order specifically provides that cigarettes bearing the MARLBORO®, VIRGINIA SLIMS® and/or PARLIAMENT® marks "are excluded from entry for consumption into the United States," and this prohibition applies "to cigarettes and packaging thereof, exported, shipped, sold, purchased, or imported by any and all persons." Defendants' conduct also violates Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a), which prohibits the importation of cigarettes bearing the registered MARLBORO®, PARLIAMENT® and VIRGINIA SLIMS® trademarks, without the consent of Philip Morris USA.

12.     Over the past decade, the federal government and most state governments have raised taxes on cigarettes dramatically. Defendants have exploited and profited from these tax increases by establishing and continuing to operate Internet websites that unlawfully advertise and sell cigarettes (including Philip Morris USA brands) to consumers in this judicial district and throughout the United States without charging all applicable taxes and/or without reporting sales to the appropriate state authorities, as required by federal and state law. Defendants also fail to adequately or appropriately verify the ages of purchasers of cigarettes or other tobacco products prior to purchase and shipment of the purchased products.

13.     Defendants' conduct violates the PACT Act, Pub. L. No. 111-154, 124 Stat. 1087 (2010), regulating delivery sales of cigarettes purchased over the Internet. The PACT Act makes it illegal for Internet retailers to ship cigarettes and smokeless tobacco products via the U.S. Postal Service ("USPS"), and for any person to engage in any delivery sales of cigarettes by means other than the USPS unless (1) they register and file monthly reports with the U.S.

Attorney General and each state and taxing locality into which they sell cigarettes and (2) they comply with all applicable shipping, packaging, age restriction and registration obligations imposed by the states and localities into which they sell cigarettes. Specifically, Defendants' conduct violates the following provisions of the PACT Act:

- 15 U.S.C. § 376a(b)(l)-(3), arising from Defendants' failure to label the packaging used for delivery cigarette sales as required;

- 15 U.S.C. § 376a(b)(4), arising from Defendants' failure to adequately verify the age of consumers purchasing cigarettes over the Internet from Defendants' websites prior to shipment and at delivery; and

- 15 U.S.C. § 376(a)(l) and (2), arising from Defendants' failure to register with the Attorney General of the United States and with the state tobacco tax administrators of the states into which cigarette shipments are made, and to file monthly reports.

14.     As a result of Defendants' actions, Philip Morris USA is suffering a loss of the enormous goodwill Philip Morris USA created in its MARLBORO® and other brand products and is losing profits from lost sales of its genuine domestic products. This action seeks permanent injunctive relief and damages for Defendants' infringement of Philip Morris USA's intellectual property rights.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over this action pursuant to: (i) 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121, as an action for violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; and (ii) 28 U.S.C. § 1367(a), pursuant to the principles of supplemental jurisdiction. The Court's jurisdiction over the PACT Act claims arises from 15 U.S.C. § 378(d).

This Court has personal jurisdiction over Defendants in that they transact business in the State of New York and this judicial district.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district and the effects of Defendants' wrongful actions have been felt by Philip Morris USA and consumers in this judicial district. The Defendants have also advertised in, and made Internet sales into, this judicial district.

## THE PARTIES

17.     Plaintiff Philip Morris USA is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business at 6601 West Broad Street, Richmond, Virginia 23230.

18.     Defendant Olymall.com and/or an individual or entity associated with that domain name owns and/or operates the Olymall.com website. On information and belief, Defendant Olymall.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Olymall.com website to persons residing in this judicial district.

19.     Defendant Marlborocigarettes2012.com and/or an individual or entity associated with that domain name owns and/or operates the Marlborocigarettes2012.com website. On information and belief, Defendant Marlborocigarettes2012.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Marlborocigarettes2012.com website to persons residing in this judicial district.

20.     Defendant Li Shiwei ("Shiwei") is an individual who, on information and belief, owns and/or operates the Olymall.com and Marlborocigarettes2012.com websites. According to publicly available domain name registration records ("WHOIS" records), Defendant Shiwei is the former registrant of the Olymall.com domain name and is located at "Xiamen, Xiamen Fujian 361000 China." A printout of Defendant Shiwei's domain name registration for the Olymall.com website is attached as Exhibit 23. On information and belief, Defendant Shiwei provided false information to the domain name registrar as the address listed on the domain name registration is invalid, false or both. According to the Marlborocigarettes2012.com website, on information and belief, the Marlborocigarettes2012.com website is owned and/or operated by Defendant Shiwei. On information and belief, Defendant Shiwei has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Olymall.com and Marlborocigarettes2012.com websites to persons residing in this judicial district.

21.     Defendant Li Ning ("Ning") is an individual who, on information and belief, owns and/or operates the Owncig.com, Okcig.com, Citycig.com, Nicecig.com and Perfecttobacco.com websites. According to publicly available WHOIS records, Defendant Ning is the current registrant of the Owncig.com, Okcig.com, Citycig.com, Nicecig.com and Perfecttobacco.com domain names and is located at "No. 269, Lao Dong Nan Road, Xi'an, Shaanxi 710068, CN." Printouts of Defendant Ning's domain name registrations for the Owncig.com, Okcig.com, Citycig.com, Nicecig.com and Perfecttobacco.com websites are attached as Exhibits 24–28. On information and belief, Defendant Ning provided false information to the domain name registrar as the address listed on the domain name registration is invalid, false or both. In addition, on information and belief, Defendant Ning has committed the

violations alleged herein in this judicial district, including by advertising, offering for sale and selling illegally imported Philip Morris branded cigarettes through the Owncig.com, Okcig.com, Citycig.com, Nicecig.com and Perfecttobacco.com websites to persons residing in this judicial district, and by offering for sale and selling counterfeit MARLBORO® cigarettes through the Okcig.com website to persons residing in this judicial district.

22.    Defendant Owncig.com, and/or an individual or entity associated with that domain name, owns and/or operates the Owncig.com website. Defendant Owncig.com asserts the copyrights to the Owncig.com website. On information and belief, Defendant Owncig.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling illegally imported Philip Morris branded cigarettes through the Owncig.com website, which is accessible to persons residing in this judicial district.

23.    Defendant Okcig.com, and/or an individual or entity associated with that domain name, owns and/or operates the Okcig.com website. Defendant Okcig.com asserts the copyrights to the Okcig.com website. On information and belief, Defendant Okcig.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes and illegally imported Philip Morris branded cigarettes through the Okcig.com website, which is accessible to persons residing in this judicial district.

24.    Defendant Citycig.com, and/or an individual or entity associated with that domain name, owns and/or operates the Citycig.com website. Defendant Citycig.com asserts the copyrights to the Citycig.com website. On information and belief, Defendant Citycig.com has committed the violations alleged herein in this judicial district, including by advertising, offering

for sale and selling illegally imported Philip Morris branded cigarettes through the Citycig.com website, which is accessible to persons residing in this judicial district.

25.      Defendant Nicecig.com, and/or an individual or entity associated with that domain name, owns and/or operates the Nicecig.com website.  Defendant Nicecig.com asserts the copyrights to the Nicecig.com website.  On information and belief, Defendant Nicecig.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling illegally imported Philip Morris branded cigarettes through the Nicecig.com website, which is accessible to persons residing in this judicial district.

26.      Defendant Perfecttobacco.com, and/or an individual or entity associated with that domain name, owns and/or operates the Perfecttobacco.com website.  Defendant Perfecttobacco.com asserts the copyrights to the Perfecttobacco.com website.  On information and belief, Defendant Perfecttobacco.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling illegally imported Philip Morris branded cigarettes through the Perfecttobacco.com website, which is accessible to persons residing in this judicial district.

27.      Defendant Xiaocan Fang ("Xiaocan Fang") is an individual who, on information and belief, owns and/or operates the Cig4u.net website.  Payment for cigarettes purchased in October 2011 from the Cig4u.net website was made payable to Defendant Xiaocan Fang located at "1963, Shenli Road, Putian, Fujian, China 351100."  A printout of the Western Union receipt for the cigarettes purchased from the Cig4u.net website is attached hereto as Exhibit 29.  On information and belief, Defendant Xiaocan Fang has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit

13

MARLBORO® cigarettes through the Cig4u.net website to persons residing in this judicial district.

28.     Defendant Jun Song Yang ("Yang") is an individual who, on information and belief, owns and/or operates the Cig4u.net website. Payment for cigarettes purchased from the Cig4u.net website in January 2012 was made payable to Defendant Yang located at "Nanping, Fujian, China 353000." A printout of the Western Union receipt for the cigarettes purchased from the Cig4u.net website is attached hereto as Exhibit 30. On information and belief, Defendant Yang has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Cig4u.net website to persons residing in this judicial district.

29.     Defendant Cig4u.net, and/or an individual or entity associated with that domain name, owns and/or operates the Cig4u.net website. Defendant Cig4u.net asserts the copyrights to the Cig4u.net website. On information and belief, Defendant Cig4u.net has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Cig4u.net website to persons residing in this judicial district.

30.     Defendant Lin Chen ("Chen") is an individual who, on information and belief, owns and/or operates the Cigshome.com website. Payment for cigarettes purchased from the Cigshome.com website was made payable to Defendant Chen located at "Fuzhou, Fujian, China 350014." Printouts of the Western Union receipts for the cigarettes purchased from the Cigshome.com website are attached hereto as Exhibit 31. On information and belief, Defendant Chen has committed the violations alleged herein in this judicial district, including by

advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Cigshome.com website to persons residing in this judicial district.

31.    Defendant George Melchers ("Melchers") is an individual who, on information and belief, owns and/or operates the Cigshome.com website. According to publicly available WHOIS records, Defendant Melchers is the current registrant of the Cigshome.com domain name and is located at "4745 Bowman Avenue, Barrington, NH, 03866." A printout of Defendant Melchers's domain name registration for the Cigshome.com website is attached as Exhibit 32. On information and belief, Defendant Melchers provided false information to the domain name registrar as the address listed on the domain name registration is invalid, false or both. On information and belief, Defendant Melchers has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Cigshome.com website to persons residing in this judicial district.

32.    Defendant Cigshome.com, and/or an individual or entity associated with that domain name, owns and/or operates the Cigshome.com website. Defendant Cigshome.com asserts the copyrights to the Cigshome.com website. On information and belief, Defendant Cigshome.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Cigshome.com website to persons residing in this judicial district

33.    Defendant Kenny Li ("Li") is an individual who, on information and belief, owns and/or operates the Cheap-cigarettessale.com, Cheapnewportcigarettes.com, Cheapnewportcigaretteswebsite.com and Newports-cigarettes.com websites, and previously owned and/or operated the Marlborocigarettesonline.com and the Cheap-marlborocigarettes.com

websites.  According to publicly available WHOIS records, Defendant Li is the former registrant of the Marlborocigarettesonline.com and Cheap-marlborocigarettes.com websites, and is the current registrant of the Cheap-cigarettessale.com, Cheapnewportcigarettes.com and Newports-cigarettes.com domain names and is located at "Putianchengqufenghuangshan, Putian Shi Fujian, 351100 CN."  Printouts of Defendant Li's domain name registrations for the Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com and Newports-cigarettes.com websites are attached as Exhibits 33–37.  On information and belief, Defendant Li provided false information to the domain name registrar as the address listed on the domain name registration is invalid, false or both.  On information and belief, Defendant Li has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Cheap-cigarettessale.com, Cheapnewportcigarettes.com, Cheapnewportcigaretteswebsite.com and Newports-cigarettes.com websites, which are accessible to persons residing in this judicial district, and by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes and illegally imported Philip Morris branded cigarettes through the Marlborocigarettesonline.com and Cheap-marlborocigarettes.com websites, which were accessible to persons residing in this judicial district prior to being disabled by the websites' domain name registrar.

34.      Defendant Marlborocigarettesonline.com, and/or an individual or entity associated with that domain name, previously owned and/or operated the Marlborocigarettesonline.com website.  On information and belief, Defendant Marlborocigarettesonline.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes and

illegally imported Philip Morris branded cigarettes through the Marlborocigarettesonline.com website, which was accessible to persons residing in this judicial district prior to being disabled by the website's domain name registrar.

35.     Defendant Cheap-marlborocigarettes.com, and/or an individual or entity associated with that domain name, previously owned and/or operated the Cheap-marlborocigarettes.com website.  On information and belief, Defendant Cheap-marlborocigarettes.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes and illegally imported Philip Morris branded cigarettes through the Cheap-marlborocigarettes.com website, which was accessible to persons residing in this judicial district prior to being disabled by the website's domain name registrar.

36.     Defendant Cheap-cigarettessale.com, and/or an individual or entity associated with that domain name, owns and/or operates the Cheap-cigarettessale.com website.  Defendant Cheap-cigarettessale.com asserts the copyrights to the Cheap-cigarettessale.com website.  On information and belief, Defendant Cheap-cigarettessale.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Cheap-cigarettessale.com website, which is accessible to persons residing in this judicial district.

37.     Defendant Cheapnewportcigarettes.com, and/or an individual or entity associated with that domain name, owns and/or operates the Cheapnewportcigarettes.com website.  On information and belief, Defendant Cheapnewportcigarettes.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling

counterfeit MARLBORO® cigarettes through the Cheapnewportcigarettes.com website, which is accessible to persons residing in this judicial district.

38.    Defendant Newports-cigarettes.com, and/or an individual or entity associated with that domain name, owns and/or operates the Newports-cigarettes.com website.  On information and belief, Defendant Newports-cigarettes.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Newports-cigarettes.com website, which is accessible to persons residing in this judicial district.

39.    Defendant Cheapnewportcigaretteswebsite.com, and/or an individual or entity associated with that domain name, owns and/or operates the Cheapnewportcigaretteswebsite.com website.  On information and belief, Defendant Cheapnewportcigaretteswebsite.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Cheapnewportcigaretteswebsite.com website, which is accessible to persons residing in this judicial district.

40.    Defendant Allen Young ("Young") is an individual who, on information and belief, owns and/or operates the Cheapnewportcigarettes.com website.  According to a "Notice" on the Cheapnewportcigarettes.com website dated January 31, 2012, Defendant Young is the "store owner."  On information and belief, Defendant Young has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Cheapnewportcigarettes.com website, which is accessible to persons residing in this judicial district.

41.   Defendant Dallas Wang ("Wang") is an individual who, on information and belief, owns and/or operates the Newports-cigarettes.org website. According to publicly available WHOIS records, Defendant Wang is the current registrant of the Newports-cigarettes.org domain name and is located at "Jimeiqu, Xiamen Fujian 331100 CN." A printout of Defendant Wang's domain name registration for the Newports-cigarettes.org website is attached as Exhibit 38. On information and belief, Defendant Wang provided false information to the domain name registrar as the address listed on the domain name registration is invalid, false or both. In addition, on information and belief, Defendant Wang has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Newports-cigarettes.org website, which is accessible to persons residing in this judicial district.

42.   Defendant Newports-cigarettes.org, and/or an individual or entity associated with that domain name, owns and/or operates the Newports-cigarettes.org website. On information and belief, Defendant Newports-cigarettes.org has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Newports-cigarettes.org website, which is accessible to persons residing in this judicial district.

43.   Defendant Webvipshopping.com International Co., Ltd. ("Webvipshopping.com International") is a business organization whose form is presently unknown to Philip Morris USA. According to the Webvipshopping.com website, Webvipshopping.com International owned the copyright to the Webvipshopping.com website, and, on information and belief, is located in or around Huli, Xiamen, Fujian, China. On information and belief, Defendant Webvipshopping.com International has committed the violations alleged herein in this judicial

district, including by advertising, offering for sale and selling counterfeit MARLBORO®
cigarettes through the Webvipshopping.com website, which was accessible to persons residing in
this judicial district prior to being disabled by the website's domain name registrar.

44.     Defendant Yongchuang Trade Corp. ("Yongchuang Trade") is a business
organization whose form is presently unknown to Philip Morris USA.  According to the "About"
page previously posted on the Webvipshopping.com website, Defendant Yongchuang Trade
owned and/or operated the Webvipshopping.com website, and on information and belief, is
located at 116 Qufu Road, Chengxiang District, Putian, Fujian, China.  On information and
belief, Defendant Yongchuang Trade also owns and/or operates the Cigars-home.com website
and accepts payments for cigarettes purchased from the Cigars-home.com website via PayPal.
On information and belief, Defendant Yongchuang Trade has committed the violations alleged
herein in this judicial district, including by advertising, offering for sale and selling counterfeit
MARLBORO® cigarettes through the Webvipshopping.com website, which was accessible to
persons residing in this judicial district prior to being disabled by the website's domain name
registrar, and by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes
through the Cigars-home.com website, which is accessible to persons residing in this judicial
district.

45.     Defendant Ren Kun Fang ("Ren Kun Fang") is an individual who, on information
and belief, previously owned and/or operated the Webvipshopping.com and USA001.com
websites, and currently operates the Cigarettes-onsale.com website.  According to publicly
available WHOIS records, Defendant Ren Kun Fang is the former registrant of the
Webvipshopping.com domain name, located at "longhaixian guangminglu zhangzhoushi
fujiansheng china 363000" and the USA001.com domain name located at "chengxiangqu

jianshelu putianshi fujiansheng china 351100." Printouts of Defendant Ren Kun Fang's domain

name registrations for the Webvipshopping.com and USA001.com websites are attached as

Exhibits 39-40. Defendant Ren Kun Fang is also the current registrant of Cigarettes-onsale.com,

located at "lichengqu fengmeiqiao, putianshi fujiansheng china 351100." A printout of

Defendant Ren Kun Fang's domain name registration for the Cigarettes-onsale.com website is

attached as Exhibit 41. In addition, payment for cigarettes purchased from the

Webvipshopping.com website was made payable to Defendant Ren Kun Fang. On information

and belief, Defendant Ren Kun Fang provided false information to the domain name registrars as

the addresses listed on the domain name registrations are invalid, false or both. In addition, on

information and belief, Defendant Ren Kun Fang has committed the violations alleged herein in

this judicial district, including by advertising, offering for sale and selling counterfeit

MARLBORO® cigarettes through the Cigarettes-onsale.com website, which is accessible to

persons residing in this judicial district, and by advertising, offering for sale and selling

counterfeit MARLBORO® cigarettes through the Webvipshopping.com and USA001.com

websites, which were accessible to persons residing in this judicial district prior to being disabled

by the website's domain name registrar.

46.    Defendant Cigarettes-onsale.com International Co., Ltd. is a business organization

whose form is presently unknown to Philip Morris USA. According to the Cigarettes-

onsale.com website, Cigarettes-onsale.com International Co., Ltd. owns the copyright to the

Cigarettes-onsale.com website. On information and belief, Defendant Cigarettes-onsale.com

International Co., Ltd. has committed the violations alleged herein in this judicial district,

including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes

through the Cigarettes-onsale.com website, which is accessible to persons residing in this judicial district.

47.     Defendant USA001.com International Co., Ltd. ("USA001.com International") is a business organization whose form is presently unknown to Philip Morris USA.  According to the USA001.com website, USA001.com International owned the copyright to the USA001.com website, and, on information and belief, is located in or around Huli, Xiamen, Fujian, China.  On information and belief, Defendant USA001.com International has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the USA001.com website, which was accessible to persons residing in this judicial district prior to being disabled by the website's domain name registrar.

48.     Defendant Lin Ping ("Ping") is an individual who, on information and belief, owns and/or operates the Cigars-home.com website.  According to publicly available WHOIS records, Defendant Ping is the current registrant of the Cigars-home.com domain name and is located at "chengxiangqu fenghuanglu, putianshi fujiansheng, china 351100."  A printout of Defendant Ping's domain name registration for the Cigars-home.com website is attached as Exhibit 42.  On information and belief, Defendant Ping provided false information to the domain name registrar as the address listed on the domain name registration is invalid, false, or both.  In addition, on information and belief, Defendant Ping has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Cigars-home.com website, which is accessible to persons residing in this judicial district.

49.     Defendant Ucigars-home.com International Co., Ltd. ("Ucigars-home.com International") is a business organization whose form is presently unknown to Philip Morris USA.  According to the Cigars-home.com website, Ucigars-home.com International owns the copyright to the Cigars-home.com website.  On information and belief, Defendant Ucigars-home.com International has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Cigars-home.com website, which is accessible to persons residing in this judicial district.

50.     Defendant Yu Chen ("Chen") is an individual who, on information and belief, owns and/or operates the Cigars-home.com website.  According to the "Payment" page of the Cigars-home.com website, payment for cigarettes purchased from the Cigars-home.com website via Western Union or Moneygram is made payable to Defendant Chen located at "110, meiyuan road, putian city, fujian province, china."  On information and belief, Defendant Chen has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Cigars-home.com website to persons residing in this judicial district.

51.     Defendant Fang Erkuen ("Erkuen") is an individual who, on information and belief, owns and/or operates the Usasmoking.com website.  According to publicly available WHOIS records, Defendant Erkuen is the current registrant of the Usasmoking.com domain name and is located at "lichengqu fengmeiqiao, putianshi fujiansheng, china 351100."  A printout of Defendant Erkuen's domain name registration for the Usasmoking.com website is attached as Exhibit 43.  On information and belief, Defendant Erkuen provided false information to the domain name registrar as the address listed on the domain name registration is invalid,

false or both. In addition, on information and belief, Defendant Erkuen has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Usasmoking.com website, which is accessible to persons residing in this judicial district.

52.      Defendant Hongping Peng ("Peng") is an individual who, on information and belief, owns and/or operates the Usasmoking.com website. According to the "Payment" page on the Usasmoking.com website, Defendant Peng, located at "Exhibition South Lane, Siming, Xiamen 361008, China," is identified as the payee to whom Money Gram payments are to be sent for purchases made from the Usasmoking.com website. On information and belief, Defendant Peng has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Usasmoking.com website, which is accessible to persons residing in this judicial district.

53.      Defendant YiHua Fang ("YiHua Fang") is an individual who, on information and belief, owns and/or operates the Usasmoking.com website. Payment for cigarettes purchased from the Usasmoking.com website was made payable to Defendant YiHua Fang located at "Putian, China 351100." Printouts of Western Union receipts for the cigarettes purchased from the Usasmoking.com website are attached hereto as Exhibit 44. On information and belief, Defendant YiHua Fang has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Usasmoking.com website to persons residing in this judicial district.

54.      Defendant Usasmoking.com, and/or an individual or entity associated with that domain name, owns and/or operates the Usasmoking.com website. Defendant Usasmoking.com asserts the copyrights to the Usasmoking.com website. On information and belief, Defendant

24

Usasmoking.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling counterfeit MARLBORO® cigarettes through the Usasmoking.com website to persons residing in this judicial district.

55.    Defendant Andy Gong ("Gong") is an individual who, on information and belief, owns and/or operates the Chinacigarette.com website.  According to publicly available WHOIS records, Defendant Gong is the current registrant of the Chinacigarette.com domain name and is located at 21 ChaoYang District, Jin Hai Garden, Beijing 100124 CN.  A printout of Defendant Gong's domain name registration for the Chinacigarette.com website is attached as Exhibit 45.  On information and belief, Defendant Gong provided false information to the domain name registrar as the address listed on the domain name registration is invalid, false or both.  In addition, on information and belief, Defendant Gong has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling illegally imported Philip Morris branded cigarettes through the Chinacigarette.com website to persons residing in this judicial district.

56.    Defendant Chinacigarette.com, and/or an individual or entity associated with that domain name, owns and/or operates the Chinacigarette.com website.  On information and belief, Defendant Chinacigarette.com has committed the violations alleged herein in this judicial district, including by advertising, offering for sale and selling illegally imported Philip Morris branded cigarettes through the Chinacigarette.com website to persons residing in this judicial district.

57.    Philip Morris USA does not know the true names and capacities of the Defendants sued herein as Does One through Ten, inclusive, and therefore sues these Defendants

by such fictitious names.  Philip Morris USA will amend this First Amended Complaint to allege the true names and capacities of these Defendants when it ascertains the same.

## FACTS GIVING RISE TO THIS ACTION

A.   **The Infringed Trademarks**

58.    Philip Morris USA is the United States owner of the famous MARLBORO® Trademarks under which MARLBORO® cigarettes are sold.  Philip Morris USA has invested substantial time, effort and money in advertising and promoting the MARLBORO® Trademarks throughout the United States.  The vast majority of MARLBORO® advertising and promotional activities display the Roof Design® trademark and/or a MARLBORO® word trademark.  As a result, the MARLBORO® Trademarks are among the most widely recognized trademarks in the United States, and Philip Morris USA has developed significant goodwill in these trademarks.

59.    Philip Morris USA is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office ("USPTO"), all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively referred to herein as the Philip Morris USA Trademarks):

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Design |
| 378,340 | June 4, 1940 | PARLIAMENT |
| 894,450 | July 14, 1970 | VIRGINIA SLIMS |
| 912,375 | June 8, 1971 | VIRGINIA SLIMS Design |
| 912,374 | June 8, 1971 | VIRGINIA SLIMS Design |

True and correct copies of these registration certificates are attached hereto as Exhibit 46.

60.     Philip Morris USA actively protects the value of the Philip Morris USA Trademarks.  Pursuant to the Imported Cigarettes Compliance Act, 19 U.S.C. § 1681a *et seq.*, it is illegal to import cigarettes into the United States without the consent of the U.S. trademark holder.  Moreover, the United States International Trade Commission issued a General Exclusion Order in 2009, which prohibits the importation of MARLBORO® brand cigarettes (and other brands whose trademarks Philip Morris USA owns in this country).  The General Exclusion Order specifically provides that cigarettes bearing the MARLBORO®, VIRGINIA SLIMS® and/or PARLIAMENT® marks "are excluded from entry for consumption into the United States," and this prohibition applies "to cigarettes and packaging thereof, exported, shipped, sold, purchased, or imported by any and all persons."  Finally, Philip Morris USA filed and recorded copies of the certificates of registration for the MARLBORO®, PARLIAMENT® and VIRGINIA SLIMS® trademarks with the Secretary of the Treasury/U.S. Bureau of Customs and Border Protection ("Customs") in accordance with Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a), and Section 42 of the Lanham Act, 15 U.S.C. § 1124.  Once filed with Customs, the MARLBORO® trademark (federal registration number 68,502) was recorded by Customs under the Recordation Number TMK 97-00877, the PARLIAMENT® trademark (federal registration number 378,340) was recorded under Recordation Number TMK 08-00389 and the VIRGINIA SLIMS® trademark (federal registration number 894,450) was recorded under Recordation Number TMK 08-00374.

**B.      Defendants' Sale of Counterfeit Cigarettes**

61.     During July 2010, investigators retained on behalf of Philip Morris USA purchased two cartons of cigarettes bearing the MARLBORO® Trademarks from the Okcig.com website for delivery into the Southern District of New York.  Upon receiving the cigarette

cartons, the investigators arranged for the cigarettes purchased from the Okcig.com website to be delivered to a Philip Morris USA facility.  Using a series of confidential and proprietary inspection methods, Philip Morris USA subsequently confirmed that the MARLBORO® cigarettes purchased from the Okcig.com website were counterfeit.  Philip Morris USA is informed and believes that Defendants have offered and continue to offer additional counterfeit MARLBORO® brand cigarettes for sale through the Okcig.com website.

62.      During December 2010, investigators retained on behalf of Philip Morris USA purchased two cartons of cigarettes bearing the MARLBORO® Trademarks from the Olymall.com website for delivery into the Southern District of New York.  Upon receiving the cigarette cartons, the investigators arranged for the cigarettes purchased from the Olymall.com website to be delivered to a Philip Morris USA facility.  Using a series of confidential and proprietary inspection methods, Philip Morris USA subsequently confirmed that the MARLBORO® cigarettes purchased from the Olymall.com website were counterfeit. Defendants admit on the Olymall.com website that the MARLBORO® cigarettes they offer for sale are not manufactured by Philip Morris USA, and thus are counterfeit:  "Our company was established in the year of 2007, it is a professional cigarette manufacturer and supplier of all kinds of brand cigarettes, like **cheap newport cigarettes**, **new marlboro cigarettes**, etc. our factory has best equipment and strict quality control department."  Defendants also offer to supply counterfeit state excise tax stamps, which is additional evidence that they are engaged in the illegal sale of counterfeit cigarettes: "we have many stamps, such as, NY, NJ, IL, AL, WA, PA, TN, MI, MA, FL, ME, MS, Chicago, etc. You can select the one you need just click "Stamp." And if you need any other new stamps, we can make it for you also!"  Philip Morris

USA is informed and believes that Defendants have offered and continue to offer additional

counterfeit MARLBORO® brand cigarettes for sale through the Olymall.com website.

63.     During December 2010, investigators retained on behalf of Philip Morris USA

purchased one or more cartons of cigarettes bearing the MARLBORO® Trademarks from the

Marlborocigarettesonline.com website, a website which was accessible to persons residing in this

judicial district.  Upon receiving the cigarette cartons, the investigators arranged for the

cigarettes purchased from the Marlborocigarettesonline.com website to be delivered to a Philip

Morris USA facility.  Using a series of confidential and proprietary inspection methods, Philip

Morris USA subsequently confirmed that the MARLBORO® cigarettes purchased from the

Marlborocigarettesonline.com website were counterfeit.

64.     On information and belief, Defendants also offered to sell and sold counterfeit

cigarettes bearing the MARLBORO® Trademarks through the Cheap-marlborocigarettes.com

website.  Defendants admitted on the Cheap-marlborocigarettes.com website that the

MARLBORO® cigarettes they offered for sale were not manufactured by Philip Morris USA,

and thus were counterfeit: "As a professional manufacturer of marlboro cigarettes, we offer

cheap marlboro cigarettes with Alabama stamps, high quality marlboro cigarettes wholesale,

original marlboro cigarettes online website, marlboro cigarettes coupons."  The site further

informed customers: "[a]ll our marlboro cigarettes are made of import material with advanced

technique," and "[a]ll our marlboro cigarettes are with the newest USA version and with very

good tastes as the original ones."  Defendants also acknowledged that they offered counterfeit

state tobacco excise tax stamps: "What's more, if you buy 100 cartons [sic] cigarettes at a time,

we can make other states tax stamps for free as your demand."

65.    During December 2010, investigators retained on behalf of Philip Morris USA purchased one or more cartons of cigarettes bearing the MARLBORO® Trademarks from the Webvipshopping.com website, a website which was accessible to persons residing in this judicial district.  Upon receiving the cigarette cartons, the investigators arranged for the cigarettes purchased from the Webvipshopping.com to be delivered to a Philip Morris USA facility.  Using a series of confidential and proprietary inspection methods, Philip Morris USA subsequently confirmed that the MARLBORO® cigarettes purchased from the Webvipshopping.com website were counterfeit.

66.    Indeed, the Webvipshopping.com website advised customers: "All forms of retail, wholesale, distribution, and manufacturing are acceptable here. . . .We will honestly and ceaselessly explore every potential market, enhancing our mutual profit to the top."  The Webvipshopping.com site further informed customers, "[w]e have professional and high level products in our store; we specialize in world-famous brands cigarettes . . ." and "[d]o not be limited to the items on our website.  We do have a lot more in stock, just ask us for what you want and we will provide it."  What Defendants, in fact, provided to customers were counterfeit cigarettes.  Philip Morris USA is informed and believes that Defendants have offered and continue to offer additional counterfeit MARLBORO® brand cigarettes for sale through the Cigarettes-onsale.com and Usasmoking.com websites.

67.    During August 2011, investigators retained on behalf of Philip Morris USA purchased one or more cartons bearing the MARLBORO® Trademarks from the Usasmoking.com website for delivery into the Southern District of New York.  At the time of purchase, Defendants also offered Philip Morris USA's investigator counterfeit tax stamps and specifically noted the availability of counterfeit New York state tax stamps.  Upon receiving the

cigarette cartons, the investigators arranged for the cigarettes purchased from the Usasmoking.com website to be delivered to a Philip Morris USA facility.  Using a series of confidential and proprietary inspection methods, Philip Morris USA subsequently confirmed that the MARLBORO® cigarettes purchased from the Usasmoking.com website were counterfeit. Philip Morris USA is informed and believes that Defendants have offered and continue to offer additional counterfeit MARLBORO® brand cigarettes for sale through the Usasmoking.com website.

68.     During December 2011, investigators retained on behalf of Philip Morris USA purchased one or more cartons of cigarettes bearing the MARLBORO® Trademarks from the Marlborocigarettes2012.com website for delivery into the Southern District of New York.  Upon receiving the cigarette cartons, the investigators arranged for the cigarettes purchased from the Marlborocigarettes2012.com website to be delivered to a Philip Morris USA facility.  Using a series of confidential and proprietary inspection methods, Philip Morris USA subsequently confirmed that the MARLBORO® cigarettes purchased from the Marlborocigarettes2012.com website were counterfeit.  Defendants falsely state on the Marlborocigarettes2012.com website that the cigarettes are "made in the USA" and offer counterfeit state tax stamps: "Notice: **We have New York,** New Jersey, Florida, Michigan, Tennessee, Massachusetts, Georgia, illinois [sic], Chicago, Pennsylvania, Alabama, Maryland, Carlifonia [sic], Rhode Island **stamp in stock now."** Philip Morris USA is informed and believes that Defendants have offered and continue to offer additional counterfeit MARLBORO® brand cigarettes for sale through the Marlborocigarettes2012.com website.

69.     During January 2012, investigators retained on behalf of Philip Morris USA purchased one or more cartons of cigarettes bearing the MARLBORO® Trademarks from the

Cigshome.com and Cig4u.net websites for delivery into the Southern District of New York. Upon receiving the cigarette cartons, the investigators arranged for the cigarettes purchased from the Cigshome.com website to be delivered to a Philip Morris USA facility. Using a series of confidential and proprietary inspection methods, Philip Morris USA subsequently confirmed that the MARLBORO® cigarettes purchased from the Cigshome.com website were counterfeit. On information and belief, the MARLBORO® cigarettes purchased from the Cig4u.net website are also counterfeit. Indeed, in response to the inquiry "why choose Cig4u.net" on the on the Cig4u.net website, Defendants admit that the MARLBORO® cigarettes they are offering for sale and selling are not manufactured by Philip Morris USA, and thus are counterfeit: "Fresh tastes and newest packages: All our cigarettes are with the newest USA version and with very good tastes as the original ones'. . . . The cheapest price: we have our own factory and all our cigarettes are mass-production." Philip Morris USA is informed and believes that Defendants have offered and continue to offer additional counterfeit MARLBORO® brand cigarettes for sale through the Cig4u.net and Cigshome.com websites.

70.   Both Cig4u.net and Cigshome.com also offer tax stamps for Philip Morris brand cigarettes purchased through their respective sites. Specifically, the Cigshome.com website advises customers: "Notice: we are able to supply kinds of stamps such as NY, NJ, AL, FL, MA, GA stamp, duty free." The Cig4u.net website states: "Yes, we have may stamps, such as, NY, NJ, IL, AL, WA, PA, TN, MI, MA, FL, ME, MS, Chicago, etc. And if you need any other new stamps, we can make it for you!" However, only States may legally issue tax stamps for cigarettes. The fact that these Defendants are offering and supplying counterfeit tax stamps as well is additional evidence that they are engaged in the illegal sale of counterfeit cigarettes.

71.     On information and belief, Defendants are also selling counterfeit cigarettes

bearing the MARLBORO® Trademarks through the Cheap-cigarettessale.com,

Cheapnewportcigarettes.com, Cheapnewportcigaretteswebsite.com, Newports-cigarettes.com,

Newports-cigarettes.org, Cigarettes-onsale.com and Cigars-home.com websites, and previously

sold counterfeit cigarettes through the USA001.com website.  Defendants admit on the Cheap-

cigarettessale.com and Cheapnewportcigaretteswebsite.com websites that the MARLBORO®

cigarettes they offer for sale are not manufactured by Philip Morris USA, and thus are

counterfeit: "If you think it's impossible to buy authentic cigarettes at such low price, then you

are definitely right.  The expensive authentic cigarettes can only be found in American [sic], and

it's impossible to buy such low price authentic cigarettes anywhere in the world.  But if you want

to get good quality cheap cigarettes, then our company is your first choice. . . . In appearance:

These are clone ones. They are same as the real ones in appearance. . . . About quality:  Our

specialists produce these cigarettes strictly according to the real ones."  The

Cheapnewportcigarettes.com website contains similar admissions concerning Defendants'

offering for sale and sale of counterfeit cigarettes: "[o]ur company was established in year of

1996, it is a professional cigarette manufacturer and supplier of all kinds of brand cigarettes,

like newport cigarettes, marlboro cigarettes, camel cigarettes, etc. our factory has best equipment

and strict quality control department, Many of our customers are from American and european

market."  Defendants further state on the Cheapnewportcigarettes.com website:  "About our

quality. . . our mainly customers are from the USA, and the newports and marlboros are made as

some of our regular customers requests, Our cigarettes [are] USA version, the tastes of our

cigarettes are very similar to your local."  On the Cigarettes-onsale.com website, Defendants

further inform customers:  "2011 us newest packing marlboro red, marlboro red 100s, fresh taste,

we can put  NJ. NY. [sic] Indiana, Florida, Chicago, Illinois, CA, PR, Texas."  Defendants also admit to offering counterfeit state tobacco excise tax stamps on the Cheapnewportcigarettes.com website: "we offer New York blue, New York pink, New Jersey, Maryland, Pennsylvania, Virginia, Rhode Island, Tennessee, Georgia, Florida, Alabama, Texas, California, Illinois and Chicago stamps when order from us. . . . We can offer you states tax stamps extra for free if we have in stock, or you also can send original stamp to us, then we can make them for you . . . ."  In addition, Defendants offer counterfeit state tax stamps on the Newports-cigarettes.com website: "we offer the Cigarettes with stamps, such as New York, New Jersey, Florida, Michigan, Tennessee, Massachusetts, Illinois, Chicago, Pennsylvania, Alabama, Georgia, Maryland stamps for free."  Defendants similarly offer counterfeit state tax stamps on the Cheap-cigarettessale.com website: "Tax stamps: we offer most stamps, AL, CA, CHI, FL, GA, IL, MA, MI, MD, NY Pink, NY Blue, NJ, RI, TN, TX, PA, VA stamps . . . . There is no need for us to pay tax for American company.  But you should notice that we also provide clone stamps for free, they look the same as the real ones."  Defendants also offer counterfeit state tax stamps on the Newports-cigarettes.org website:  "we offer USA most State tax stamp, Alabama, New York blue, New York pink, California, New Jersey, Florida, Georgia, Maryland, Massachusetts, Tennessee, Pennsylvania, Michigan, illinois [sic], Chicago stamp" and the Cheapnewportcigaretteswebsite.com website:  "[w]e have Alabama, New York blue, New York pink, New Jersey, Florida, Maryland, Michigan, Massachusetts, Georgia, illinois [sic], Tennessee, California, Chicago, Pennsylvania, Texas stamp in stock now."  Philip Morris USA is informed and believes that Defendants have offered and continue to offer additional counterfeit MARLBORO® brand cigarettes for sale through the Cheap-cigarettessale.com,

Cheapnewportcigarettes.com, Cheapnewportcigaretteswebsite.com, Newports-cigarettes.com, Newports-cigarettes.org, Cigarettes-onsale.com and Cigars-home.com websites.

72.     Counterfeit MARLBORO® brand cigarettes are not the same as those manufactured and sold by Philip Morris USA under the same brand name. As such, consumers who purchase counterfeit MARLBORO® brand cigarettes are likely to be confused and/or disappointed by obtaining counterfeit cigarettes when they intended to purchase genuine MARLBORO® brand cigarettes. In addition, the sale of counterfeit MARLBORO® brand cigarettes is likely to cause confusion among consumers regarding Philip Morris USA's sponsorship or approval of the counterfeit cigarettes. As a result of Defendants' actions, Philip Morris USA is suffering a loss of the enormous goodwill Philip Morris USA created in its MARLBORO® brand products and is losing profits from lost sales of genuine products.

**C.     Defendants' Sale of Illegally Imported Philip Morris Cigarettes**

73.     On information and belief, through the Owncig.com, Okcig.com, Citycig.com, Nicecig.com, Perfecttobacco.com, Marlborocigarettesonline.com, Cheap-marlborocigarettes.com and Chinacigarette.com websites, Defendants sell or have sold the following brands of illegally imported Philip Morris cigarettes: MARLBORO®, MARLBORO® MENTHOL, PARLIAMENT® and/or VIRGINIA SLIMS® MENTHOL. Philip Morris USA has confirmed Defendants' sale of illegally imported Philip Morris cigarettes through purchases of cigarettes made in December 2010 from the Owncig.com, Okcig.com and Chinacigarette.com websites. The foreign-made, illegally imported Philip Morris cigarettes offered for sale and/or sold through the Defendants' Owncig.com, Okcig.com and Chinacigarette.com websites are materially different from the Philip Morris cigarettes sold by Philip Morris USA in the United States under the same trademarks and brand names.

74.     On information and belief, Defendants are also selling illegally imported cigarettes though the Citycig.com, Nicecig.com and Perfecttobacco.com websites, and sold illegally imported cigarettes through the Marlborocigarettesonline.com and Cheap-marlborocigarettes.com websites.  Defendants admit that the illegally imported cigarettes offered for sale and sold on their websites are manufactured, labeled and intended for sale outside of the United States.  For example, on the Privacy Notice page of the Marlborocigarettesonline.com website, Defendants stated:  "You understand that our cigarettes are not Made in the U.S.A. but in Europe.  The country of origin is clearly indicated in the package that you will receive."

75.     By selling these illegally imported cigarettes to U.S. consumers without Philip Morris USA's consent or authorization, Defendants are infringing Philip Morris USA's famous trademarks.  Philip Morris USA is the U.S. owner of the MARLBORO® Trademarks and Philip Morris USA Trademarks and has the exclusive right to use these trademarks in the United States. The cigarettes that Philip Morris USA manufactures for sale domestically are materially different from those intended for sale outside the United States in several ways.  First, Philip Morris USA's domestic cigarettes are subjected to quality control measures appropriate for the domestic distribution of Philip Morris USA's products.  These measures relate to, among other things, the shipping and storage of its products and the replacement of damaged and stale products.  Philip Morris USA has implemented these quality control measures to ensure that adult consumers continue to receive the high-quality products they have associated with Philip Morris USA and the Philip Morris USA Trademarks for decades.  Cigarettes that are illegally imported by Defendants or their agents into the United States are not subjected to Philip Morris USA quality control measures during the distribution and shipping process.  As a result of the differing distribution and shipping processes and the quality controls applied thereto, illegally imported

products may often be stale or otherwise have diminished quality when the products reach U.S. consumers.  Second, such illegally imported cigarettes are also subject to seizure, unlike Philip Morris cigarettes that are made, and intended to be sold, in the United States.  Third, cigarettes that are manufactured for sale abroad may not display the required U.S. health warnings, which do appear on cigarettes that are manufactured for domestic sale.  Indeed, the Marlborocigarettesonline.com website states:  "The cigarette boxes are not indicating the proper Surgeon General Warnings."

76.     As a result of these material differences, the purchase by consumers in the United States of illegally imported Philip Morris cigarettes from Defendants' websites creates an actionable likelihood of confusion between the illegally imported cigarettes sold by Defendants and the domestic cigarettes sold by Philip Morris USA in the United States.

**D.**     **Defendants' Violations of the PACT Act**

77.     Defendants have failed to, among other things:  (i) adequately verify the age of consumers purchasing cigarettes over the Internet from the Olymall.com, Marlborocigarettes2012.com, Owncig.com, Okcig.com, Citycig.com, Nicecig.com, Perfecttobacco.com, Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com, Cheapnewportcigaretteswebsite.com, Newports-cigarettes.com, Cig4u.net, Cigshome.com, Newports-cigarettes.org, Webvipshopping.com, USA001.com, Cigarettes-onsale.com, Cigars-home.com, Usasmoking.com and Chinacigarette.com websites prior to shipment pursuant to 15 U.S.C. § 376a(b)(4); (ii) appropriately label the packaging used for delivery cigarette sales pursuant to 15 U.S.C. § 376a(b)(1)-(3); and (iii) register with the Attorney General of the United States and

with the state tobacco tax administrators of the states into which cigarette shipments are made, and file monthly reports, pursuant to 15 U.S.C. § 376(a)(l) and (2).

    1. <u>Age Verification</u>

  78. Prior to mailing or shipping cigarettes, Section 376a(b)(4) of the Jenkins Act (as amended by the PACT Act) requires tobacco retailers to obtain from the purchaser:  (1) the full name, birth date and residential address of the purchaser; and (2) verify the information in sub clause (1) through the use of a commercially available database for the purpose of age and identity verification and authentication.  The Jenkins Act also requires that delivery sellers use a method of mailing or shipment that requires the purchaser to (1) sign to accept delivery of the shipping container at the delivery address; and (2) provide proof, in the form of a valid government-issued identification bearing a photograph.

  79. None of the websites at issue complies with the age verification requirements of the Jenkins Act.  The Owncig.com, Okcig.com, Nicecig.com and Perfecttobacco.com websites advise customers "WARNING: You must be 18 years old to shop at . . . ."  The Marlborocigarettesonline.com website advised customers that "You must be at least 18 years of age or older or of legal age within your state to order tobacco products from www.marlborocigarettesonline.com.  By accepting these terms and conditions you are indicating you are of legal age to purchase cigarettes."  The remaining websites do not even purport to require purchasers to be 18 years of age or older.  As such, Defendants fail to comply with the age verification requirements of the Jenkins Act, and do not require consumers to furnish a valid government-issued document bearing a photograph or to sign to accept delivery of the package containing cigarettes at the time of delivery.

2.      Labeling Restriction on Packaging

80.      Section 376a(b)(l) and (2) of the Jenkins Act requires delivery sellers to label on the bill of lading and on the outside of the shipping package, on the same surface as the delivery address, the following statement:  "CIGARETTES/SMOKELESS TOBACCO: FEDERAL LAW REQUIRES THE PAYMENT OF ALL APPLICABLE TAXES, AND COMPLIANCE WITH APPLICABLE LICENSING AND TAX STAMPING OBLIGATIONS."

81.      Defendants fail to comply with the labeling requirements of the Jenkins Act, and do not display any such statement on the bill of lading or on the outside of their shipping packages.  For example, a package shipped by Marlborocigarettes2012.com in December 2011 failed to include the required statement on the outside of the shipping package, and identified the contents of the shipping package as "Christmas gift of Chinese tea."  An August 2011 package shipped by Usasmoking.com likewise identified the contents of the package containing cigarettes as a "gift bag."  The Cheapnewportcigarettes.com website similarly advises customers "we send items as gifts for you, any other person doesn't know what's in it."

3.      Registration with the Attorney General of the United States and Certain State Tobacco Tax Administrators

82.      The Jenkins Act requires all delivery sellers to pre-register their name, address, trade name and principal place of business, among other information, with the U.S. Attorney General and state tobacco tax administrators in the states into which shipments will be made, prior to making any delivery sales or shipping cigarettes.

83.      On information and belief, Defendants have not properly registered their business information with the U.S. Attorney General and state tobacco tax administrator in New York prior to engaging in delivery sales of cigarettes and cigarette shipments into this judicial district.

39

84.    Defendants further admit that they do not comply with the provision of 15 U.S.C.

§ 376(a)(2), requiring monthly reports of delivery sales of cigarettes to state tax administrators.

The Owncig.com, Okcig.com, Citycig.com, Nicecig.com and Perfecttobacco.com websites

advise consumers: "Your credit card details are not available for us and used only to process

your order online. We collect your personal information only for processing an order and for

Money Back Guarantee service." The Cig4u.net website similarly states: "Privacy policy: we

promised that we will absolutely protect all customers' personal information." The

Cheapnewportcigaretteswebsite.com website informs customers that their personal information

will not be disclosed and that "[a]ll personal information in the Cheap Newport Cigarettes

Website web site will be treated according to the United States Law. The data could not be

disclosed even upon an official request submitted by foreign country authorities." The

Olymall.com website similarly advises customers: "We are committed to protect all the personal

information that you provide to us and will not transfer it to any outside parties. . . . Be sure, any

requested information is just for internal **www.olymall.com** use only! And we will keep all the

customers' database highly confidential!" The Marlborocigarettesonline.com website previously

advised consumers: "The information provided to us as a result of your online purchase, such as

your name, E-mail address, phone number(s) and point of delivery or forwarding address are

only used for shipping. The personal data of customers (mailing address, e-mail address, etc.) is

not rent[ed] or sold to others. It is kept till our costumer (sic) has received the order.

www.marlborocigarettesonline.com doesn't have a database containing the costumer's (sic)

credit card details, and also doesn't store information on files with who bought cigarettes

online." The Cheap-marlborocigarettes.com website likewise advised customers: "All deals are

strictly confidential and we absolute [sic] guarantee the safety of all customers."

85.   Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Philip Morris USA's irreparable damage.

## FIRST CLAIM FOR RELIEF

**(Against Defendants Olymall.com, Marlborocigarettes2012.com, Li Shiwei, Li Ning, Okcig.com, Xiaocan Fang, Jun Song Yang, Cig4u.net, Lin Chen, George Melchers, Cigshome.com, Kenny Li, Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com, Newports-cigarettes.com, Allen Young, Cheapnewportcigaretteswebsite.com, Dallas Wang, Newports-cigarettes.org, Webvipshopping.com International Co., Ltd., Yongchuang Trade Corp., Cigarettes-onsale.com International Co., Ltd., Ren Kun Fang, USA001.com International Co., Ltd., Lin Ping, Ucigars-home.com International Co., Ltd., Yu Chen, Fang Erkuen, Hongping Peng, YiHua Fang, and Usasmoking.com)**

**(For Infringement of Registered Trademarks in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), by the Sale of Counterfeit Cigarettes)**

86.   Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 85 hereof.

87.   Defendants have offered for sale and/or sold cigarettes displaying spurious designations that are identical to, or substantially indistinguishable from, Philip Morris USA's MARLBORO® Trademarks, in interstate commerce.  Defendants' unauthorized use of the MARLBORO® Trademarks is likely to cause confusion, mistake and deception; cause the public to believe that Defendants' counterfeit products are authorized, sponsored or approved by Philip Morris USA or that Defendants are affiliated, connected or associated with or in some way related to Philip Morris USA; and result in Defendants unfairly benefiting from Philip Morris USA's goodwill and reputation, to the substantial and irreparable injury of the public, Philip Morris USA and the MARLBORO® Trademarks and the substantial goodwill represented thereby.

88.    Defendants' use of the counterfeit versions of the MARLBORO® Trademarks was willful, intentional and done with knowledge that the marks used were counterfeit marks, as defined in Section 34(d)(1)B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B), and constitutes trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

89.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF

**(Against Defendants Li Ning, Owncig.com, Okcig.com, Citycig.com, Nicecig.com, Perfecttobacco.com, Kenny Li, Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Andy Gong and Chinacigarette.com)**

**(For Infringement of Registered Trademarks in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), by the Sale of Illegally Imported Cigarettes)**

90.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 89 hereof.

91.    The USPTO has granted Philip Morris USA federal trademark registrations for the Philip Morris USA Trademarks.  Copies of these registrations are attached hereto as Exhibit 46 and incorporated herein by reference.

92.    Defendants have imported and sold in the United States cigarettes bearing the federally registered Philip Morris USA Trademarks that are manufactured by companies other than Philip Morris USA and intended for sale outside the United States.  The illegally imported cigarettes differ materially from the cigarettes manufactured and sold in the United States by Philip Morris USA under the same trademarks and brand names.  Defendants' sales of illegally imported cigarettes are likely to cause consumer confusion about the source and sponsorship of the illegally imported cigarettes.  Such sales therefore violate 15 U.SC. § 1114(1).

93.     Defendants' unauthorized use of the Philip Morris USA Trademarks constitutes use in commerce, without the consent of Philip Morris USA, of a reproduction, counterfeit, copy or colorable imitation of the Philip Morris USA Trademarks in connection with the advertisement, promotion, sale and distribution of products and/or services that are identical or near-identical to those offered by Philip Morris USA.  Such use is likely to cause confusion or mistake, or to deceive consumers, and therefore infringes Philip Morris USA's rights in the Philip Morris USA Trademarks, in violation of 15 U.S.C. § 1114(1).

94.     Defendants' sale of illegally imported cigarettes bearing the Philip Morris USA Trademarks was willful, intentional and done with knowledge that they were violating Philip Morris USA's  rights in the Philip Morris USA Trademarks.

95.     Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

**THIRD CLAIM FOR RELIEF**

**(Against All Defendants)**

**(For Infringement of Registered Trademarks in Violation of Section 32(1)
of the Lanham  Act, 15 U.S.C. § 1114(1), by Violation of
the Imported Cigarette Compliance Act of 2000, 19 U.S.C. §§ 1681a *et seq.*)**

96.     Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 95 herein.

97.     The ICCA, 19 U.S.C. §§ 1681a *et seq.*, prohibits the importation of cigarettes into the United States bearing a U.S. registered trademark unless the owner of the trademark has expressly consented to such importation as evidenced by a sworn declaration of consent executed

by or on behalf of the trademark owner.  Cigarettes imported in contravention of the ICCA may be seized and destroyed by Customs.

98.    Philip Morris USA has not, pursuant to the ICCA, consented to the importation of cigarettes bearing its trademarks by any third party.

99.    Defendants have, without the consent of Philip Morris USA, imported, or caused or facilitated the importation of, cigarettes bearing the Philip Morris USA Trademarks in contravention of the ICCA.  These products are being sold to U.S. consumers in violation of the ICCA and are therefore subject to seizure.  Defendants' importation or facilitation of the importation of cigarettes bearing the Philip Morris USA Trademarks also violates the United States International Trade Commission's General Exclusion Order, which prohibits the importation of MARLBORO®, PARLIAMENT® and/or VIRGINIA SLIMS® brand cigarettes into the United States.  These actions of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of the MARLBORO®, PARLIAMENT® and/or VIRGINIA SLIMS® brand cigarettes sold on Defendants' websites.

100.    Defendants' importation or facilitation of the importation of counterfeit and/or illegally imported cigarettes bearing the Philip Morris USA Trademarks was willful, intentional and done with knowledge that they were violating Philip Morris USA's rights in the Philip Morris USA Trademarks.

101.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## FOURTH CLAIM FOR RELIEF

**(Against Defendants Olymall.com, Marlborocigarettes2012.com, Li Shiwei, Li Ning, Okcig.com, Xiaocan Fang, Cig4u.net, Lin Chen, George Melchers, Cigshome.com, Kenny Li, Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com, Newports-cigarettes.com, Allen Young, Cheapnewportcigaretteswebsite.com, Dallas Wang, Newports-cigarettes.org, Webvipshopping.com International Co., Ltd., Yongchuang Trade Corp., Cigarettes-onsale.com International Co., Ltd., Ren Kun Fang, USA001.com International Co., Ltd., Ucigars-home.com International Co., Ltd., Yu Chen, Fang Erkuen, Hongping Peng, YiHua Fang and Usasmoking.com)**

**(For Importation of Counterfeit Goods Bearing an Infringing Trademark in Violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124)**

102.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 101 herein.

103.    Defendants' acts alleged herein constitute the importation of merchandise which bears copies or simulations of the federally registered MARLBORO® Trademarks, including, without limitation, the MARLBORO® trademark, in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124.

104.    Defendants' importation or facilitation of the importation of cigarettes bearing counterfeit versions of the MARLBORO® Trademarks was willful, intentional and done with knowledge that they were violating Philip Morris USA's rights in the MARLBORO® Trademarks.

105.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## FIFTH CLAIM FOR RELIEF

**(Against Defendants Li Ning, Owncig.com, Okcig.com, Citycig.com, Nicecig.com, Perfecttobacco.com, Kenny Li, Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Andy Gong and Chinacigarette.com)**

**(For Importation of Goods Bearing an Infringing Trademark in Violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124)**

106.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 105 herein.

107.    On information and belief, Defendants selling illegally imported cigarettes have, without the consent of Philip Morris USA, imported and/or caused or facilitated the importation of illegally imported Philip Morris cigarettes, including cigarettes bearing the registered trademarks MARLBORO®, MARLBORO® MENTHOL, PARLIAMENT® and VIRGINIA SLIMS® MENTHOL that differ materially from the cigarettes sold by Philip Morris USA in the United States under the same trademarks and brand names.

108.    The actions of Defendants selling illegally imported cigarettes are calculated to confuse the public and are likely to cause, and do cause, the public to believe that the illegally imported Philip Morris branded cigarettes sold by Defendants are the same as the Philip Morris cigarettes sold by Philip Morris USA in the United States bearing the same trademarks and brand names.

109.    Defendants' importation or facilitation of the importation of cigarettes bearing the Philip Morris USA Trademarks was willful, intentional and done with knowledge that they were violating Philip Morris USA's rights in the Philip Morris USA Trademarks.

110.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SIXTH CLAIM FOR RELIEF

### (Against All Defendants)

### (For Unlawful Importation of Goods Bearing Registered United States Trademarks in Violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a))

111.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 110 hereof.

112.    Defendants have imported and/or caused or facilitated the importation of illegally imported and/or counterfeit Philip Morris USA cigarettes, including cigarettes bearing the registered MARLBORO®, PARLIAMENT® and VIRGINIA SLIMS® trademarks, without the consent of Philip Morris USA, in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a).

113.    Defendants' importation or facilitation of the importation of counterfeit and/or illegally imported cigarettes bearing the Philip Morris USA Trademarks was willful, intentional and done with knowledge that they were violating Philip Morris USA's rights in the Philip Morris USA Trademarks.

114.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SEVENTH CLAIM FOR RELIEF

### (Against All Defendants)

### (For False Designation of Origin and Trademark and Trade Dress Infringement in Violation of Section 43(a)(l)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(l)(A))

115.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 114 hereof.

116.    The acts of Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of section 43(a)(l)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).  These acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Philip Morris USA, or as to the origin, sponsorship or approval of the counterfeit or illegally imported cigarettes by Philip Morris USA.

117.    Defendants' acts were willful, intentional and done with the knowledge that Defendants were violating Philip Morris USA's rights in the Philip Morris USA Trademarks.

118.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

### EIGHTH CLAIM FOR RELIEF

### (Against All Defendants)

### (For Violation of the Prevent All Cigarettes Trafficking Act, Pub. L. No. 111-154, 124 Stat. 1087 (2010))

119.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 118 hereof.

120.    Defendants' conduct violates the PACT Act, Pub. L. No. 111-154, 124 Stat. 1087 (2010), regulating delivery sales of cigarettes purchased over the Internet.  Defendants have failed to, among other things: (i) adequately verify the age of consumers purchasing cigarettes over the Internet prior to shipment and at delivery pursuant to 15 U.S.C. § 376a(b)(4); (ii) appropriately label the packaging used for delivery cigarette sales pursuant to 15 U.S.C. § 376a(b)(1)-(3); and (iii) register with the Attorney General of the United States and with the state

tobacco tax administrators of the states into which cigarette shipments are made, and to file monthly reports, pursuant to 15 U.S.C. § 376(a)(1) and (2).

121.   Philip Morris USA has standing to bring an action against Defendants to prevent and restrain violations of the PACT Act as a permit holder under Section 5712 of the Internal Revenue Code of 1986 as provided for by 15 U.S.C. § 378(d).

122.   Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Philip Morris USA Inc. prays for judgment as follows.

A.   For judgment that:

i.   Defendants Olymall.com, Marlborocigarettes2012.com, Li Shiwei, Li Ning, Okcig.com, Xiaocan Fang, Jun Song Yang, Cig4u.net, Lin Chen, George Melchers, Cigshome.com, Kenny Li, Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com, Newports-cigarettes.com, Allen Young, Cheapnewportcigaretteswebsite.com, Dallas Wang, Newports-cigarettes.org, Webvipshopping.com International Co., Ltd., Yongchuang Trade Corp., Cigarettes-onsale.com International Co., Ltd., Ren Kun Fang, USA001.com International Co., Ltd., Lin Ping, Ucigars-home.com International Co., Ltd., Yu Chen, Fang Erkuen, Hongping Peng, YiHua Fang, and Usasmoking.com have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), by the sale of counterfeit cigarettes;

ii.   Defendants Li Ning, Owncig.com, Okcig.com, Citycig.com, Nicecig.com, Perfecttobacco.com, Kenny Li, Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Andy Gong and Chinacigarette.com have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), by the sale of illegally imported cigarettes;

iii.   Defendants have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), by violation of the Imported Cigarette Compliance Act of 2000, 19 U.S.C. §§ 1681a et seq.;

iv.     Defendants Olymall.com, Marlborocigarettes2012.com, Li Shiwei, Li Ning, Okcig.com, Xiaocan Fang, Jun Song Yang, Cig4u.net, Lin Chen, George Melchers, Cigshome.com, Kenny Li, Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com, Newports-cigarettes.com, Allen Young, Cheapnewportcigaretteswebsite.com, Dallas Wang, Newports-cigarettes.org, Webvipshopping.com International Co., Ltd., Yongchuang Trade Corp., Cigarettes-onsale.com International Co., Ltd., Ren Kun Fang, USA001.com International Co., Ltd., Lin Ping, Ucigars-home.com International Co., Ltd., Yu Chen, Fang Erkuen, Hongping Peng, YiHua Fang, and Usasmoking.com have violated Section 42 of the Lanham Act, 15 U.S.C. § 1124, by importing counterfeit cigarettes;

v.      Defendants Li Ning, Owncig.com, Okcig.com, Citycig.com, Nicecig.com, Perfecttobacco.com, Kenny Li, Marlborocigarettesonline.com, Cheap-marlborocigarettes.com, Andy Gong and Chinacigarette.com have violated Section 42 of the Lanham Act, 15 U.S.C. § 1124, by importing illegally imported cigarettes;

vi.     Defendants have violated Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a), by importing counterfeit and/or illegally imported cigarettes;

vii.    Defendants have engaged in false designation of origin and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

viii.   Defendants' violations of Sections 32(1), 42 and 43(a) of the Lanham Act were willful, intentional and done with knowledge that the cigarettes sold and imported were counterfeit or illegally imported cigarettes; and

ix.     Defendants have violated the following provisions of the PACT Act: 15 U.S.C. § 376a(b)(1)-(4) and 15 U.S.C. § 376(a)(1) and (2).

B.      For an injunction restraining and enjoining Defendants and their successors or assigns, and their divisions, subsidiaries, officers, directors, agents, servants, employees, attorneys, licensees, affiliates and all persons in active concert or participation with them and/or who aid and abet or facilitate Defendants' conduct, who receive actual notice of the Court's order by personal service or otherwise, including but not limited to: (a) entities that process and facilitate payments from consumers in the United States, including banks, credit card companies and data processing companies; (b) shippers, carriers, delivery companies and other package

delivery services; (c) packaging and distribution services and personnel; and (d) registrars of

domain names and internet service providers, from:

     i.     purchasing, importing, distributing, selling or offering for sale counterfeit MARLBORO® brand cigarettes or cigarettes bearing any of the Philip Morris USA Trademarks, or assisting, aiding or abetting any other person or entity in doing so;

     ii.     purchasing, importing, distributing, selling or offering for sale illegally imported cigarettes bearing any of the Philip Morris USA Trademarks, or assisting, aiding or abetting any other person or entity in doing so;

     iii.     making any present or future use of Philip Morris USA's distinctive trade dress and of the MARLBORO® Trademarks or any of the Philip Morris USA Trademarks, any imitation thereof, and any other trademark(s) or logo(s) substantially or confusingly similar thereto, whether as a trademark, as a domain name, or in any other manner;

     iv.     using, displaying and/or facilitating the use of the MARLBORO® Trademarks, or any word or logo that is confusingly similar to the MARLBORO® Trademarks or any of the Philip Morris USA Trademarks, on any Internet website or on any written or promotional materials;

     v.     providing assistance or logistical support to entities engaged in the sale to U.S. consumers of counterfeit and/or illegally imported cigarettes bearing the MARLBORO® Trademarks or any of the Philip Morris USA Trademarks; and

     vi.     making delivery sales of cigarettes to U.S. purchasers in violation of the PACT Act.

C.     For an order requiring the domain names Olymall.com,

Marlborocigarettes2012.com, Owncig.com, Okcig.com, Citycig.com, Nicecig.com,

Perfecttobacco.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com,

Cheapnewportcigaretteswebsite.com, Newports-cigarettes.com, Cig4u.net, Cigshome.com,

Newports-cigarettes.org, Webvipshopping.com, USA001.com, Cigarettes-onsale.com, Cigars-

home.com, Usasmoking.com and Chinacigarette.com, and any other domain names being used

by Defendants to engage in the business of selling counterfeit and/or illegally imported cigarettes

bearing the Philip Morris USA Trademarks, to be disabled and/or immediately transferred by Defendants, their Registrars and/or the Registries to Philip Morris USA's control.

  D.  For an order that, upon Philip Morris USA's request, the top level domain ("TLD") Registry responsible for the domain names Olymall.com, Marlborocigarettes2012.com, Owncig.com, Okcig.com, Citycig.com, Nicecig.com, Perfecttobacco.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com, Cheapnewportcigaretteswebsite.com, Newports-cigarettes.com, Cig4u.net, Cigshome.com, Newports-cigarettes.org, Webvipshopping.com, USA001.com, Cigarettes-onsale.com, Cigars-home.com, Usasmoking.com and Chinacigarette.com place the domain names on Registry Hold status, thus removing them from the TLD zone files maintained by the Registries that link the domain names to the IP address where the associated websites are hosted.

  E.  For an order that, upon Philip Morris USA's request, any Internet search engines, Web hosts, domain-name registrars and domain-name registries or administrators that are provided with notice of the injunction cease facilitating access to any or all websites through which Defendants engage in the promotion, offering for sale and/or sale of counterfeit and/or illegally imported cigarettes bearing the Philip Morris USA Trademarks.

  F.  For an order that, upon Philip Morris USA's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the TLD Registries responsible for the domain names Olymall.com, Marlborocigarettes2012.com, Owncig.com, Okcig.com, Citycig.com, Nicecig.com, Perfecttobacco.com, Cheap-cigarettessale.com, Cheapnewportcigarettes.com, Cheapnewportcigaretteswebsite.com, Newports-cigarettes.com, Cig4u.net, Cigshome.com, Newports-cigarettes.org, Webvipshopping.com, USA001.com, Cigarettes-onsale.com, Cigars-home.com,

Usasmoking.com and Chinacigarette.com facilitate the transfer of and/or disable the domain names.

      G.     For an order (i) requiring Defendants to account for and pay over to Philip Morris USA all of Defendants' profits derived from their unlawful conduct, to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), including treble damages where appropriate; and (ii) as an alternative to awarding profits under Section 35(a), awarding Philip Morris USA statutory damages as provided for by Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), as a remedy for Defendants' importation, distribution, sale and offering for sale of counterfeit cigarettes.

      H.     For such other and further relief as the Court shall deem appropriate.

Dated: New York, New York
       February 28, 2012

Respectfully submitted,

ARNOLD & PORTER LLP

By: _____
Jennifer L. Larson
Laura W. Tejeda
399 Park Avenue
New York, NY 10022
Telephone: (212) 715-1000
Facsimile: (212) 715-1399
Email:  jennifer.larson@aporter.com
       laura.tejeda@aporter.com

*Attorneys for Plaintiff Philip Morris USA Inc.*

*Of counsel*:

Kenneth L. Chernof
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC  20004-1206
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999
Email:  ken.chernof@aporter.com

John C. Ulin
ARNOLD & PORTER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA  90017-5844
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199
Email:  john.ulin@aporter.com